```
                                        United States District Court
                                         Southern District of Texas
                                               ENTERED
IN THE UNITED STATES DISTRICT COURT        December 12, 2017
 FOR THE SOUTHERN DISTRICT OF TEXAS        David J. Bradley, Clerk
           HOUSTON DIVISION
```

TINA ALEXANDER,                    §
                                   §
              Plaintiff,           §
                                   §
v.                                 §
                                   §
WELLS FARGO BANK, N.A. f/k/a       §     CIVIL ACTION NO. H-15-1596
WACHOVIA MORTGAGE, FSB f/k/a       §
WORLD SAVINGS BANK, FSB,           §
Its Successors and/or Assigns,     §
and DOES 1-10,                     §
                                   §
              Defendants.          §

## MEMORANDUM OPINION AND ORDER

Plaintiff Tina Alexander ("Alexander" or "Plaintiff"), pro se, brings this action on remand from the Fifth Circuit Court of Appeals against defendant Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo" or "Defendant").[1]  Pending before the court are Plaintiff's Motion for Summary Judgment ("Plaintiff's MSJ") (Docket Entry No. 36) and Defendant's Motion for Summary Judgment and Brief in Support ("Defendant's MSJ") (Docket Entry No. 39).  For the reasons stated below, Plaintiff's MSJ will be denied, Defendant's MSJ will be granted, and this action will be dismissed with prejudice.

---

[1] See Plaintiff's Original Petition and Request for Declaratory Judgement and Temporary Rest[r]aining Order ("Petition"), Exhibit E to Notice of Removal, Docket Entry No. 6-5, pp. 2-31.

I. **Undisputed Facts and Procedural Background**

On September 15, 1998, Alexander executed a promissory note in the amount of $296,000.00 made payable to Defendant.[2] She also executed a Deed of Trust to secure its repayment (together, the "Loan"), granting Defendant a security interest in her home located at 12318 Mossycup, Houston, Texas 77024 (the "Property").[3] Plaintiff and World Savings executed an Acknowledgment of Value ("Acknowledgment") on September 15, 1998, in connection with the Loan.[4] Referring to the Property it states "World and Borrower each acknowledge that, as of the date of the extension of the loan, the fair market value of the homestead is $375,000.00."[5] Plaintiff signed the Acknowledgment, and her signature is notarized.[6]

---

[2]See Note, Texas Equity Fixed Rate - First Lien, Exhibit 1 to Petition, Docket Entry No. 6-5, pp. 33-36. World Savings Bank was the original lender. World Savings Bank, FSB changed its name to Wachovia Mortgage, which later merged into Wells Fargo. See Ogundipe v. Wells Fargo Bank, N.A., Civil Action No. H-11-2387, 2012 WL 3234211, at *1 (S.D. Tex. Aug. 6, 2012) ("It is undisputed that World Savings Bank changed its name to Wachovia Mortgage, and that Wachovia Mortgage subsequently merged into Wells Fargo."); Olaoye v. Wells Fargo Bank, NA, Civil Action No. 4:11-cv-772-Y, 2012 WL 1082307, at *1 n.1, *3 n.4 (N.D. Tex. April 2, 2012). Since the name of the bank at the time is not relevant to this opinion, Wells Fargo and its predecessors are referred to as Defendant.

[3]See Texas Equity Deed of Trust, Exhibit 2 to Petition, Docket Entry No. 6-5, pp. 38-50.

[4]Acknowledgment, Exhibit 1(C) to Declaration of Richard L. Penno ("Penno Declaration"), Docket Entry No. 39-1, pp. 34-36.

[5]Id. at 34.

[6]Id. at 35-36.

On June 14, 2002, Alexander was unable to locate the Acknowledgment or appraisal of the Property in her personal files.[7] Alexander sent Defendant a letter the next day requesting a copy of the Fair Market Value Acknowledgment from their files, but Defendant never responded.[8] Alexander fell into default and Wells Fargo initiated foreclosure. Alexander sued Wells Fargo in the 165th Judicial District Court of Harris County, Texas.[9] The case was transferred to the 127th Judicial District Court of Harris County, Texas, and Defendant subsequently removed the action to this court.[10] Alexander asserted claims for Texas constitutional violations, breach of contract, negligent misrepresentation, and violation of the duty of good faith and fair dealing, seeking injunctive and declaratory relief.[11] Wells Fargo moved to dismiss all of Plaintiff's claims for failure to state a claim under Rule 12(b)(6) arguing that the claims are time-barred and/or

---

[7]See Petition, Exhibit E to Notice of Removal, Docket Entry No. 6-5, p. 5 ¶ 14.

[8]See id. ¶ 15; Letter Re: Appraisal and FMV Acknowledgement [o]n Loan Number: 0010585743 dated June 15, 2002, from Alexander to Defendant, Exhibit 3 to Petition, Docket Entry No. 6-5, p. 52.

[9]See Petition, Exhibit E to Notice of Removal, Docket Entry No. 6-5, pp. 2-31.

[10]See Notice of Removal, Docket Entry No. 6; Transfer Order, Exhibit I to Notice of Removal, Docket Entry No. 6-9.

[11]See Petition, Exhibit E to Notice of Removal, Docket Entry No. 6-5, pp. 20, 21, 23, 26.

otherwise fail.[12] The court granted the motion, dismissing the action.[13] Alexander filed a motion for a new trial or to amend the judgment, which the court denied.[14] Alexander appealed two of her claims to the Fifth Circuit:[15] (1) for a permanent injunction preventing the fore-closure sale, and (2) for forfeiture as provided under Article XVI, Section 50(a)(6)(Q)(xi) of the Texas Constitution. The Fifth Circuit affirmed the dismissal of the forfeiture claim, but held that the quiet title claim for an injunction was sufficiently pled, reversed the dismissal of that claim, and remanded the action to this court.[16]

While this case was on appeal, Defendant's counsel delivered a copy of the Acknowledgment to Plaintiff's former counsel.[17] Plaintiff's former counsel confirmed that he emailed the Acknowledgment to Plaintiff "just after" it was provided to him.[18]

---

[12]See Defendant's Motion to Dismiss and Brief in Support, Docket Entry No. 18, p. 10.

[13]See Memorandum Opinion and Order, Docket Entry No. 21, p. 39; Final Judgment, Docket Entry No. 22.

[14]See Motion for New Trial or Amendment of Judgement Rule 59(a) and Rule 59(E) Federal Rules of Civil Procedure, Docket Entry No. 23; Order Denying Motion for New Trial, Docket Entry No. 27.

[15]See Notice of Appeal to U.S. Court of Appeals for the Fifth Circuit, Docket Entry No. 28.

[16]See Order of the United States Court of Appeals for the Fifth Circuit, Docket Entry No. 34, p. 17.

[17]See Declaration of Daron L. Janis, Exhibit 2 to Defendant's MSJ, Docket Entry No. 39-2, p. 2 ¶ 3.

[18]See October 23, 2017, email from Jason P. Steed to Marc D. Cabrera, Exhibit 3(B) to Declaration of Marc D. Cabrera ("Cabrera Declaration"), Docket Entry No. 39-3, p. 15.

Defendant sent another copy of the Acknowledgment to Plaintiff on October 23, 2017.[19] Both parties have filed motions for summary judgment for this claim.[20] Defendant filed a Response in Opposition to Plaintiff's Motion for Summary Judgment on November 10, 2017 (Docket Entry No. 40). Plaintiff has not filed a response.[21]

## II. Standard of Review

Summary judgment is warranted if the movant establishes that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An examination of substantive law determines which facts are material. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). Material facts are those facts that "might affect the outcome of the suit under the governing law." Id. A genuine issue as to a material fact exists if the evidence is such that a reasonable trier of fact could resolve the dispute in the nonmoving party's favor. Id. at 2511.

---

[19]Cabrera Declaration, Exhibit 3 to Defendant's MSJ, Docket Entry No. 39-3, p. 2 ¶ 3; October 23, 2017, letter to Alexander, Exhibit 3(A) to Cabrera Declaration, Docket Entry No. 39-3, p. 5.

[20]See Plaintiff's MSJ, Docket Entry No. 36; Defendant's MSJ, Docket Entry No. 39.

[21]On December 8, 2017, Alexander filed Plaintiff's Motion for Extension of Time to Answer or Respond to Defendants Motion for Summary Judgement ("Motion for Extension") (Docket Entry No. 43) seeking a 45-day extension. The motion will be denied because Plaintiff already filed her own motion for summary judgment, and because the basis for Plaintiff's Motion for Extension — that on September 18, 2017, her lawyer could no longer assist her — has been known to Plaintiff for almost three months.

Where, as here, both parties have moved for summary judgment both "motions must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." Shaw Constructors v. ICF Kaiser Engineers, Inc., 395 F.3d 533, 538-39 (5th Cir. 2004). The movant must inform the court of the basis for summary judgment and identify relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate there are no genuine fact issues. Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986); see also Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). If a defendant moves for summary judgment on the basis of an affirmative defense, "it must establish beyond dispute all of the defense's essential elements." Bank of Louisiana v. Aetna U.S. Healthcare Inc., 468 F.3d 237, 241 (5th Cir. 2006). A defendant may also meet its initial burden by pointing out that the plaintiff has failed to make a showing adequate to establish the existence of an issue of material fact as to an essential element of plaintiff's case. Celotex Corp., 106 S. Ct. at 2552. If the movant satisfies its initial burden, the burden shifts to the nonmoving party to show by affidavits, depositions, answers to interrogatories, admissions on file, or other evidence that summary judgment is not warranted because genuine fact issues exist. Celotex Corp., 106 S. Ct. at 2552.

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). But conclusory claims, unsubstantiated assertions, or insufficient evidence will not satisfy the nonmovant's burden. Wallace, 80 F.3d at 1047. If the nonmovant fails to present specific evidence showing there is a genuine issue for trial, summary judgment is appropriate. Topalian v. Ehrman, 954 F.2d 1125, 1132 (5th Cir. 1992).

### III. Analysis

Construed liberally, Plaintiff's complaint stated a claim for quiet title based on Wells Fargo's failure to timely supplement a missing Acknowledgment of Fair Market Value in violation of Texas Constitution Section 50(a)(6)(Q)(ix).[22] Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593, 600 (5th Cir. 2017). Plaintiff argues in her Motion for Summary Judgment that because Defendant allegedly did not provide a written Acknowledgment and failed to cure the alleged deficiency, she is entitled to summary judgment on her quiet title claim seeking to preclude foreclosure.[23] A suit to remove cloud or to quiet title exists "'to enable the holder of the

---

[22]See Order of the United States Court of Appeals for the Fifth Circuit, Docket Entry No. 34, p. 10.

[23]See Plaintiff's MSJ, Docket Entry No. 36, pp. 5-6, 8-9.

feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" Essex Crane Rental Corp. v. Carter, 371 S.W.3d 366, 388 (Tex. App. — Houston [1st Dist.] 2012, pet. denied); Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App. — Houston [1st Dist.] 2009, pet. denied). The plaintiff has the burden of proof to establish her superior equity and right to relief. Id. To do so "the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." Vernon v. Perrien, 390 S.W.3d 47, 61-62 (Tex. App. — El Paso 2012, no pet.) (citation omitted). The plaintiff must recover on the strength of her own title, not on the weakness of a defendant's title. Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012); Ventura v. Wells Fargo Bank, N.A., No. 4:17-CV-075-A, 2017 WL 1194370, at *2 (N.D. Tex. March 30, 2017); Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004); Hejl v. Wirth, 343 S.W.2d 226, 226 (1961).

Section 50(c) of the Texas Constitution states that:

> [n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by this section, whether such mortgage, trust deed, or other lien, shall have been created by the owner alone, or together with his or her spouse, in case the owner is married. . . .

Tex. Const. art. XVI § 50(c). Section 50(a)(6)(Q)(ix) states that the extension of credit must be made on the condition that "the owner of the homestead and the lender sign a written acknowledgment

as to the fair market value of the homestead property on the date the extension of credit is made." Id. § 50(a)(6)(Q)(ix). A lien securing a constitutionally noncompliant home-equity loan is not valid before the defect is cured. Wood v. HSBC Bank USA, N.A. 505 S.W.3d 542, 547 (2016). Section 50(a)(6)(Q)(x) gives the lender 60 days to cure the violation after notice, but the borrower has no corresponding deadline by which it must request cure and no statute of limitations applies to a homeowner's right to quiet title under Section 50(c). Tex. Const. art. XVI § 50(a)(6)(Q)(x); Wood 505 S.W.3d at 549-50.

The defect Plaintiff complains of — lack of an Acknowledgment of Fair Market Value[24] — was not in fact a defect. The Acknowledgment was executed in connection with Plaintiff's home-equity Loan on September 15, 1998.[25] Because the Loan included an Acknowledgment of Fair Market Value signed by Plaintiff and notarized, the Loan did not violate Section 50(a)(6)(Q)(ix). Therefore, Plaintiff cannot prove that Defendant has asserted an invalid claim or encumbrance impairing Plaintiff's title to the Property as required to prevail on a quiet title claim. Plaintiff alleges in her Petition and Motion for Summary Judgment that there was no written acknowledgment, but without any supporting evidence

---

[24]See Petition, Exhibit E to Notice of Removal, Docket Entry No. 6-5, pp. 20-21; Plaintiff's MSJ, Docket Entry No. 36, p. 9.

[25]See Acknowledgment, Exhibit 1(C) to Penno Declaration, Docket Entry No. 39-1, p. 34.

this allegation does not create a genuine issue of material fact. The summary judgment evidence proves that an Acknowledgment of Fair Market Value was fully executed at the time of closing. Defendant is therefore entitled to summary judgment.

## IV. Conclusions and Order

Plaintiff's Motion for Extension of Time to Answer or Respond to Defendant's Motion for Summary Judgment (Docket Entry No. 43) is **DENIED**.

For the reasons discussed above, Plaintiff's Motion for Summary Judgment (Docket Entry No. 36) is **DENIED** and Defendants' Motion for Summary Judgment (Docket Entry No. 39) is **GRANTED**. Accordingly, this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 12th day of December, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE