IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TINA ALEXANDER, §
§
       Plaintiff, §
§
v. §
§
WELLS FARGO BANK, N.A. f/k/a § CIVIL ACTION NO. H-15-1596
WACHOVIA MORTGAGE, FSB f/k/a §
WORLD SAVINGS BANK, FSB, §
Its Successors and/or Assigns,§
and DOES 1-10, §
§
       Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tina Alexander, pro se, brought this action for quiet title against defendant Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo" or "Defendant"). Pending before the court are Plaintiff's Motion for New Trial or Amendment of Judgment under Rule 59(a) and Rule 59(e) Federal Rules of Civil Procedure ("Motion for New Trial") (Docket Entry No. 46) and Plaintiff's Motion for Rule 37 Sanctions Against Defendant, Wells Fargo Bank, N.A. ("Motion for Sanctions") (Docket Entry No. 48). For the reasons explained below, both motions will be denied.

### I.   Factual and Procedural Background

Plaintiff originally brought this action for Texas constitutional violations, breach of contract, negligent

misrepresentation, and violation of the duty of good faith and fair dealing, seeking injunctive and declaratory relief against Wells Fargo in the 165th Judicial District Court of Harris County, Texas.[1] The case was transferred to the 127th Judicial District Court of Harris County, Texas, and Defendant subsequently removed the action to this court.[2] Wells Fargo moved to dismiss all of Plaintiff's claims for failure to state a claim under Rule 12(b)(6) arguing that the claims are time-barred or otherwise fail.[3] The court granted the motion, dismissing the action.[4] Plaintiff filed a motion for a new trial or to amend the judgment, which the court denied.[5] Alexander appealed two of her claims to the Fifth Circuit:[6] (1) for a permanent injunction preventing the foreclosure sale, and (2) for forfeiture as provided under Article XVI, Section 50(a)(6)(Q)(xi) of the Texas Constitution. The Fifth

---

[1] See Petition, Exhibit E to Notice of Removal, Docket Entry No. 6-5, pp. 2-31.

[2] See Notice of Removal, Docket Entry No. 6; Transfer Order, Exhibit I to Notice of Removal, Docket Entry No. 6-9.

[3] See Defendant's Motion to Dismiss and Brief in Support, Docket Entry No. 18, p. 10.

[4] See Memorandum Opinion and Order, Docket Entry No. 21, p. 39; Final Judgment, Docket Entry No. 22.

[5] See Motion for New Trial or Amendment of Judgement Rule 59(a) and Rule 59(E) Federal Rules of Civil Procedure, Docket Entry No. 23; Order Denying Motion for New Trial, Docket Entry No. 27.

[6] See Notice of Appeal to U.S. Court of Appeals for the Fifth Circuit, Docket Entry No. 28.

Circuit affirmed the dismissal of the forfeiture claim, but held that the quiet title claim for an injunction was sufficiently pled, reversed the dismissal of that claim, and remanded the action to this court.[7]

Both parties filed motions for summary judgment on the remaining claim.[8] In Defendant's Motion for Summary Judgment motion and its Response in Opposition to Plaintiff's Motion for Summary Judgment Defendant attached the Declaration of Richard L Penno ("Penno Declaration") and a signed and notarized Acknowledgment of Fair Market Value ("Acknowledgment").[9] Plaintiff did not file a response in opposition to Defendant's motion before the deadline to respond lapsed. On December 8, 2017, Alexander filed Plaintiff's Motion for Extension of Time to Answer or Respond to Defendant's Motion for Summary Judgement ("Motion for Extension") (Docket Entry No. 43) seeking a 45-day extension. The court denied the motion because Plaintiff had already filed her own motion for summary judgment, and because the basis for Plaintiff's Motion for Extension — that on September 18, 2017, her lawyer could

---

[7]See Order of the United States Court of Appeals for the Fifth Circuit, Docket Entry No. 34, p. 17.

[8]See Plaintiff's Motion for Summary Judgment, Docket Entry No. 36; Defendant's Motion for Summary Judgment, Docket Entry No. 39.

[9]See Declaration of Richard L Penno, Exhibit 1 to Defendant's Motion for Summary Judgment, Docket Entry No. 39-1, pp. 2-4; World Savings Acknowledgment of Value, Exhibit 1C to Defendant's Motion for Summary Judgment, Docket Entry No. 39-1, pp. 34-36.

-3-

no longer assist her — had been known to Plaintiff for almost three months.[10] On December 12, 2017, the court entered its Memorandum Opinion and Order (Docket Entry No. 44) denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment, dismissing the case with prejudice. The court concluded that "[b]ecause the Loan included an Acknowledgment of Fair Market Value signed by Plaintiff and notarized, the Loan did not violate Section 50(a)(6)(Q)(ix) [of the Texas Constitution]."[11] Therefore Plaintiff could not prevail on a quiet title claim.[12] A final judgment was entered on December 12, 2017.[13] Plaintiff filed her Motion for New Trial on January 11, 2018, and her Motion for Sanctions on January 19, 2018.

## II. Motion for New Trial or Amendment

Plaintiff moves the court to amend its December 12, 2017, Memorandum Opinion and Order granting summary judgment to the Defendant on the quiet title claim.

### A. Standard of Review

"A motion for a new trial following a summary judgment is treated as a motion to reconsider entry of summary judgment under Federal Rule of Civil Procedure 59(e)." Williams v. Countrywide

---

[10]Memorandum Opinion and Order, Docket Entry No. 44, p. 5 n.21.

[11]Id. at 9.

[12]Id.

[13]Final Judgment, Docket Entry No. 45.

Home Loans, Inc., 504 F. Supp. 2d 176, 197 (S.D. Tex. 2007). "A Rule 59(e) motion calls into question the correctness of a judgment." Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (internal quotation and citation omitted). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court "may treat an untimely 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." Benson v. St Joseph Regional Health Center, 575 F.3d 542, 547 (5th Cir. 2009). Courts considering such motions are duty-bound to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993) (citations omitted).

## B. Analysis

In her Motion for New Trial Plaintiff argues that the court should not have accepted the Acknowledgment of Fair Market Value because (1) Defendant "proffer[ed] the FMV after more than 14 years of notice and multiple legal actions," (2) Plaintiff stated that no Acknowledgment was executed, (3) the Acknowledgment was not submitted with Defendant's initial disclosure, and (4) the Acknowledgment was invalid or fraudulent because it was not

executed and notarized on the same date.[14] Plaintiff also argues that her signature on the Acknowledgment was forged.[15] In support Plaintiff has submitted a report by an independent forensic document examiner, Curt Baggett, who concluded that her signature on the Acknowledgment was forged.[16] Plaintiff argues that the Penno Declaration should be called into question because Penno was neither present nor an employee of Defendant when the Acknowledgment was signed.[17] Plaintiff also requests that the Court take judicial notice of unrelated cases in various jurisdictions involving the conduct of Defendant.[18] Defendant argues that Plaintiff's motion should be construed as a motion under Rule 60(b) and that Plaintiff has failed to establish any ground for relief under Rule 60(b).[19] Defendant alternatively argues that Plaintiff's motion should be denied under Rule 59(e) because "Plaintiff has failed to demonstrate the existence of a manifest error of fact or

---

[14]Plaintiff's Motion for New Trial, Docket Entry No. 46, pp. 2-3.

[15]Id. at 3.

[16]See Questioned Document Examiner Letter ("Baggett Report"), Exhibit 1 to Plaintiff's Motion New Trial, Docket Entry No. 46-1.

[17]Plaintiff's Motion for New Trial, Docket Entry No. 46, pp. 3-4.

[18]Id. at 4-11.

[19]Defendant's Response in Opposition to a New Trial or Amendment of Judgment, Docket Entry No. 47, pp. 6-7.

-6-

law, newly discovered or previously unavailable evidence, an intervening change in the law, or manifest injustice."[20]

1. Rule 59(e)

Plaintiff filed her Motion for New Trial on January 11, 2018, thirty days after December 12, 2017, the date on which the court entered final judgment. Because Plaintiff's motion was filed more than 28 days after the judgment she seeks to have amended, her motion is untimely under Rule 59(e).

Even if Plaintiff's motion were timely, Plaintiff fails to meet the standard under Rule 59(e). The motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (internal quotations and citations omitted). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 479. "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." Id. at 479.

---

[20]Id. at 8.

Plaintiff's arguments with regard to the Acknowledgment of Fair Market Value could have been raised before the court entered judgment. Defendant provided Plaintiff a copy of the Acknowledgment well before Defendant filed its Motion for Summary Judgment,[21] giving Plaintiff ample time to review the Acknowledgment and Defendant's motion, gather evidence, and craft arguments in response. Instead of making these arguments in a response to Defendant's Motion for Summary Judgment, Plaintiff raises them for the first time in her Rule 59 Motion. Plaintiff also had ample opportunity to review the Penno Declaration and urge any objections in a response to Defendant's Motion for Summary Judgment, but she failed to do so. Finally, Plaintiff's request to take judicial notice of a variety of cases unrelated to this case is denied – the cases are irrelevant to Plaintiff's cause of action and Plaintiff could have raised the argument in her Motion for Summary Judgment or in a response to Defendant's Motion for Summary Judgment. Because Plaintiff fails to explain why she could not have raised her arguments earlier, Plaintiff's Motion for New Trial under Rule 59(e) will be denied.

2. Rule 60(b)

The court may treat Plaintiff's untimely 59(e) motion as a Rule 60(b) motion, which allows courts to relieve a party from a final judgment when the party seeking relief demonstrates

---

[21]See infra, discussion in Part III pp. 14-15.

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . ., or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). "Relief under Rule 60(b)(6) is granted only when it is not covered by the five enumerated grounds and when 'extraordinary circumstances' are present." Cypress Engine Accessories, LLC v. HDMS Ltd. Co., Civil Action No. H-15-2227, 2017 WL 4507016 at *3 (S.D. Tex. Oct. 6, 2017) (citing Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995)). "The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards." Id. (quoting Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991)). "The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief." Torns v. Mississippi Department of Corrections, 421 Fed. App'x. 316, 317 (5th Cir. 2010) (per curium) (citing Pryor v. U.S. Postal Servic, 769 F.2d 281, 286 (5th Cir. 1985)).

Plaintiff does not articulate any ground for relief under Rule 60(b). However, Plaintiff has offered Baggett's report as new evidence because it was created on January 10, 2018, four weeks after the summary judgment ruling Plaintiff seeks to have amended. Since Plaintiff's Motion for New Trial is based primarily on the

submission of new evidence, the court concludes that the motion may be considered under Rule 60(b)(2). To prevail under Rule 60(b)(2), "a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." Labranche v. Department of Defense, --- Fed. App'x ---, 2018 WL 507316 at *2 (5th Cir. Jan. 22, 2018) (per curium); Goldstein v. MCI WorldCom, 340 F.3d 238, 257 (5th Cir. 2003).[22] The movant must show that she exercised reasonable diligence in seeking the relevant evidence because the "[u]nexcused failure to produce the relevant evidence at the original trial can be sufficient without more to warrant denial of a rule 60(b) motion." Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 999 (5th Cir. 2001) (citation and quotation omitted). "A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." Hesling v. CSX Transp. Inc., 396 F.3d 632, 640 (5th Cir. 2005).

---

[22]Rule 60(b) was amended in 2007 resulting in slight changes to the Rule. The current version of Rule 60(b)(2) uses the term "reasonable diligence" while the previous version required "due diligence." See Fed. R. Civ. P. 60(b)(2); Hesling v. CSX Transportation Inc., 396 F.3d 632, 638-39 (5th Cir. 2005) (quoting the previous version of Rule 60(b)(2) and explaining the requirements for a movant to prevail under Rule(b)(2)). Recent cases that outline the requirements to prevail under Rule(b)(2), such as Labranche and Goldstein, quote from cases that predate 2007 that use the old version of Rule 60(b). Due to the amendment, the court concludes that the movant must demonstrate that it exercised "reasonable diligence" in obtaining the information.

Plaintiff has failed to show that with reasonable diligence Baggett's report could not have been obtained before the date on which the court issued its judgment, or in time to move for amendment under Rule 59(e). Moreover, Plaintiff has not offered any explanation for her failure to present this evidence earlier. Plaintiff has also failed to "make a showing of unusual or unique circumstances justifying such relief." Torns, 421 Fed. App'x. at 317. Therefore, Plaintiff's unexcused failure to produce Baggett's report before the court entered a final judgment on December 12, 2017 warrants denial of Plaintiff's Motion. See Provident, 274 F.3d at 999.

Arguably the ground stated in Rule 60(b)(3) — fraud, misrepresentation, or other misconduct by an opposing party — could apply based on Plaintiff's allegation that the Acknowledgment documents "are on their face invalid, if not openly fraudulent," and Plaintiff's argument that "[t]he litany of misrepresentations, deceptions, and concealment's shown in Plaintiff's original complaint and the now submission of questionable documents illustrates that the foregoing are not outliers but an established pattern and practice of the Defendants."[23]

"A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and

---

[23] Plaintiff's Motion for New Trial, Docket Entry No. 46, pp. 3, 11.

fairly presenting his case." LaBranche, --- Fed. App'x --- at *2 (quoting Hesling, 396 F.3d at 641). "The moving party has the burden of proving the misconduct by clear and convincing evidence." Id. (quoting Hesling, 396 F.3d at 641). Plaintiff has offered conclusory allegations but no specific facts or "clear and convincing evidence" to support a finding of misconduct. Even if the court accepts the allegations as true, none of the alleged misconduct would have prevented Plaintiff from fully and fairly presenting her case. Therefore, the court will not grant Plaintiff the extraordinary relief afforded by Rule 60(b).

## C. Conclusion

Because Plaintiff's Rule 59(e) Motion is untimely and because she fails to explain why she could not have made those arguments sooner, Plaintiff's Motion for New Trial under Rule 59(e) will be denied. Even if the court treats Plaintiff's untimely Rule 59(e) motion as a Rule 60(b) motion, the motion will be denied because Plaintiff has failed to show that with reasonable diligence the new evidence that she submitted could not have been discovered before the court issued the final judgment under Rule 60(b)(2), and because Plaintiff has not provided any facts satisfying the requirements under Rule 60(b)(3).

## III. Motion for Sanctions

Plaintiff's Motion for Rule 37 Sanctions seeks "an order (1) entering evidentiary sanctions against Defendant Wells Fargo Bank . . . and (2) compelling Defendant to pay the reasonable expenses Plaintiff incurred due to Defendant's failure to produce a copy of the Fair Market Value Statement by November 30, 2015, the end of the Joint Discovery/Case Management Plan initial disclosure period."[24] Plaintiff also requests that "Defendant be held in contempt of court, and the Plaintiff be granted a default judgment to quiet title" pursuant to Rule 37(b)(2)(A)(vi)-(vii).[25]

### A. Standard of Review

Federal Rule of Civil Procedure 37(b) authorizes sanctions for failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(A) provides a list of possible sanctions, including directing certain facts to be taken as established, striking pleadings, staying proceedings, dismissing the action, and rendering a default judgment. Id. A district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." Pressey v. Patterson, 898 F.2d 1018, 1021 (5th Cir. 1990).

---

[24]Plaintiff's Motion for Sanctions, Docket Entry No. 48, p. 1.

[25]Id.

A party's violation of a discovery order ordinarily must be committed willfully or in bad faith for the court to award the severest of remedies available under Rule 37(b), such as striking pleadings, issuing a default judgment, or dismissing the action with prejudice. Pressey, 898 F.2d at 1021 & n.2; Plasticsource Workers Comm. v. Coburn, 283 Fed. Appx. 181, 184 (5th Cir. Feb. 1, 2008) (unreported) (default judgment); Chisesi v. Auto Club Family Ins. Co., 374 Fed. Appx. 475, 477 (5th Cir. Mar. 9, 2010) (unreported) (dismissal). But the Fifth Circuit does not require a showing of willfulness as a "prerequisite to sanctions [that] are less harsh than a dismissal or default judgment." Chilcutt v. United States, 4 F.3d 1313, 1322 (5th Cir. 1993). Awarding attorneys' fees and expenses is viewed as one of the least severe remedies afforded by Rule 37(b). See id. at 1320 n.17.

B. **Analysis**

On December 8, 2016, while this case was on appeal, Defendant's counsel delivered a copy of the Acknowledgment to Plaintiff's former counsel.[26] Plaintiff's former counsel confirmed that he emailed the Acknowledgment to Plaintiff "just after" it was provided to him.[27] Defendant sent another copy of the

---

[26] See Declaration of Daron L. Janis, Exhibit 2 to Defendant's MSJ, Docket Entry No. 39-2, p. 2 ¶ 3.

[27] See October 23, 2017, email from Jason P. Steed to Marc D. Cabrera, Exhibit 3(B) to Declaration of Marc D. Cabrera ("Cabrera Declaration"), Docket Entry No. 39-3, p. 15.

Acknowledgment to Plaintiff on October 23, 2017.[28] Plaintiff filed her Motion for Summary Judgment on October 20, 2017,[29] and Defendant filed its Motion for Summary Judgment on November 10, 2017.[30] Because Plaintiff had a copy of the Acknowledgment well before the Defendant filed its Motion for Summary Judgment, she was not prejudiced by any failure of Defendant to produce the Acknowledgment. Therefore, the court will not sanction Defendant for discovery abuse.

## IV. Conclusions and Order

For the reasons explained above, Plaintiff, Tina Alexander's, Motion for New Trial or Amendment of Judgement of the Memorandum Opinion and Order filed on December 12, 2017 (Docket Entry No. 44), is **DENIED**, and Plaintiff's Motion for Rule 37 Sanctions Against Defendant, Wells Fargo Bank, N.A. (Docket Entry No. 48) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 4th day of April, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[28]Cabrera Declaration, Exhibit 3 to Defendant's Motion for Summary Judgment, Docket Entry No. 39-3, p. 2 ¶ 3; October 23, 2017, letter to Alexander, Exhibit 3(A) to Cabrera Declaration, Docket Entry No. 39-3, p. 5.

[29]See Plaintiff's Motion for Summary Judgment, Docket Entry No. 36.

[30]See Defendant's Motion for Summary Judgment, Docket Entry No. 39.